

**SO ORDERED.**

**SIGNED this 16 day of November, 2009.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | CASE NO. 09-51554-JDW |
| JOHNNY WILSON FLOYD, III, ) | |
| ) | |
| DEBTOR. ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Debtor:    Ward Stone, Jr.
               277 Mulberry Street, Suite 800
               Macon, Georgia 31201-8256

For Trustee:   William Flatau
               355 Cotton Avenue
               Macon, Georgia 31201

**MEMORANDUM OPINION**

This matter comes before the Court on the Trustee's Objection to Debtor's Claimed Exemptions. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

The facts in this case are undisputed. In January 2005, Debtor Johnny Floyd purchased a large parcel of land, titled solely in his name and subject to a deed to secure debt. In January 2008, Debtor surveyed out 12 acres from the property for a residence and borrowed money to build a house. The residence was titled in the names of both Debtor and his wife as joint owners with a right of survivorship. Debtor subsequently transferred his half interest in the house to his wife by a gift deed in February 2008.

On May 18, 2009, Debtor filed a Chapter 7 petition. He filed schedules on June 2, 2009. Even though Debtor had no interest in the residence on the petition date, Schedule A listed real property, including joint ownership in the residence, worth approximately $275,000 and subject to a mortgage of $203,000. On Schedule C, Debtor claimed an exemption of $10,000 in the residence. He did not disclose the February 2008 transfer on his statement of financial affairs.

At the § 341(a) meeting of creditors, held on June 24, 2009, the Chapter 7 Trustee questioned Debtor about the February 2008 transfer of his half interest in the residence to his wife. The Trustee further indicated his intention to avoid the transfer through litigation. The

following month, on July 27, 2009, Debtor's wife reconveyed a half interest in the residence to Debtor. Thereafter, on August 3, 2009, Debtor filed amended schedules to disclose all the transfers related to the residence.

The Trustee filed an objection to Debtor's exemptions on August 6, 2009, claiming Debtor was not entitled to an exemption in the residence pursuant to 11 U.S.C. § 522(g). The Court held a hearing on the objection on October 5, 2009. At the conclusion of the hearing, the Court invited the parties to brief the issue. After considering the evidence and arguments of the parties, the Court will sustain the Trustee's objection.

**Conclusions of Law**

At issue in this case is whether Debtor may claim an exemption in his residence. Exemptions are governed by 11 U.S.C. § 522, which authorizes individual debtors to "exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. § 522(b)(1). As the Supreme Court explained in Owen v. Owen, 500 U.S. 305, 111 S. Ct. 1833 (1991), "[n]o property can be exempted (and thereby immunized) ... unless it first falls within the bankruptcy estate." Id. at 308, 111 S. Ct. at 1835 (emphasis in original).

Property of the estate is broadly defined in § 541(a)(1) to include all interests of the debtor on the filing date. "That means the property of the debtor's estate is property the debtor had when the bankruptcy case commences, not property that he acquires thereafter." Bracewell v. Kelley (In re Bracewell), 454 F.3d 1234, 1237 (11th Cir. 2006); see also Bell v. Bell (In re Bell), 225 F.3d 203, 215 (2d Cir. 2000) (After the petition date, "the property of the estate is

distinct from the property of the debtor."). The Bankruptcy Code provides several means by which the estate may acquire property after the case is filed. See 11 U.S.C. § 541(a)(3)-(7), § 1207(a), § 1306(a). Some of those provisions specifically apply to property the debtor acquires post-petition, including § 541(a)(5), § 1207(a), and § 1306(a), none of which are applicable in this case.[1] Of the other provisions, only § 541(a)(3), which designates as estate property any property the trustee recovers through his avoidance powers,[2] and § 541(a)(7), which designates as estate property any property the estate acquires after the petition date,[3] are at issue in this case.

Although a debtor may only exempt property of the estate, not all estate property is subject to exemption. Pursuant to § 522(g)(1), the debtor may exempt property recovered by the trustee under the trustee's avoidance power "to the extent that the debtor could have exempted such property ... if such property had not been transferred, if– (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property[.]" 11 U.S.C. § 522(g)(1). In other words, if the trustee avoids a voluntary transfer by the debtor, the debtor is not entitled to any exemption in the recovered property. See Glass v. Hitt (In re Glass), 60 F.3d 565, 569 (9th Cir. 1995).

With the legal framework in place, the Court now considers whether Debtor in this case may exempt his interest in the residence. Debtor admits he had no ownership interest in the

---

[1] Section 541(a)(5) applies only to certain property the debtor acquires by inheritance, divorce settlement, or life insurance payout. Sections 1207 and 1306 apply only to Chapter 12 and 13 debtors, respectively.

[2] Property of the estate includes "[a]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title." 11 U.S.C. § 541(a)(3).

[3] Property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).

4

property on the petition date.  Therefore, the residence is not property of the estate pursuant to § 541(a)(1).  The question, then, is whether it entered the estate by some other means.  At the hearing, counsel for Debtor argued that the residence became property of the estate via § 541(a)(7), as property acquired by the estate.  He cited several century-old cases to support his argument.  However, those cases predate the current Bankruptcy Code, and none of them address property of the estate as defined in § 541.  For example, in <u>Bashinski v. Talbott</u>, 119 F. 337 (5th Cir. 1902), the debtor assigned his interest in a judgment to a third party.  Shortly thereafter, he was the subject of an involuntary bankruptcy.  The exemption law at that time allowed the debtor to claim an exemption of up to $1,600 without reference to any specific property.  The debtor claimed such an exemption, and the trustee set aside property and cash worth a total of $1,600.  The cash set aside by the trustee was money collected on the judgment.  The money had been collected post-petition by the debtor's attorney.  The assignee of the judgment had made no collection efforts and had made no claim on the money actually collected.  Furthermore, the court noted that the assignment had not been properly delivered.  <u>Id.</u> at 337-38.  The court found the debtor was entitled to an exemption in the money because no avoidance suit had been filed against the transferee and the transfer was not made to defraud creditors.  <u>Id.</u> at 339.

       This decision is consistent with the law in effect at the time.  Property of the estate was defined to include

> (1) documents relating to [the debtor's] property; (2) interests in patents, patent rights, copyrights, and trade-marks; (3) powers which he might have exercised for his own benefit ...; (4) <u>property transferred by him in fraud of his creditors</u>; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him ...; and (6) rights of action arising upon

5

>contracts or from the unlawful taking or detention of, or injury to, his property.

Bankruptcy Act, ch. 541, 55 Stat. 544, 565-66, § 70a (1898) (emphasis added). The statute also authorized the trustee to avoid "any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided" and to recover the property or its value. Id. 55 Stat. at 566, § 70e. Thus, the court's focus on actual fraud and avoidance tracked the language the statute–even though the court never actually cited that language. However, the court went even further, finding the purpose of the transfer was "that [the assignee] should collect the judgment as trustee or agent for [the debtor], and pay the proceeds to [the debtor's] creditors." 119 F. at 339. In other words, the court concluded that the debtor was the true owner of the judgment on the petition date, as such the property became property of the estate subject to exemption when the petition was filed. Regardless of the court's reason for reaching its conclusion, Talbott and the other cases cited by Debtor are unhelpful and unpersuasive because they were decided under substantially different statutes than the Court must consider today.[4]

In his brief, counsel for Debtor added a second argument. He claimed the reconveyance was not a mere transfer to Debtor, rather it was intended as a transfer to Debtor in trust for the bankruptcy estate. Debtor offers no evidence to support his contention other than his bare assertion as to intent, he offers no evidence of an agreement or instrument setting forth the terms

---

[4] At the time the cases were decided, the bankruptcy law had no corollary to § 522(g)(1) to provide guidance for whether a debtor could claim an exemption in property subject to a fraudulent transfer claim. The courts instead relied on state law to answer the question. In the absence of finding actual fraud, the courts allowed the debtors to take an exemption. See In re Tollett, 106 F. 866, 870 (6th Cir. 1901); In re Najor, 246 F. 167, 171 (N.D. Ga. 1917); In re W.C. Allen & Co., 134 F.620, 625-27 (W.D. Va. 1904); In re Thompson, 115 F.924, 925 (S.D. Ga. 1902).

of the trust, and he cites no law imposing a trust. Furthermore, the Trustee cannot receive property and have it become property of the estate except as specifically authorized by the Bankruptcy Code through his avoidance power.[5]

Turning to the Trustee's arguments, he primarily contends that he need not initiate an adversary proceeding to "recover" property under his avoidance power. Debtor counters that the Trustee must, at a minimum, file an adversary proceeding. Two circuit courts of appeals that have considered the issue agree with the Trustee.

In Russell v. Kuhnel (In re Kuhnel), 495 F.3d 1177 (10th Cir. 2007), the debtors borrowed money to purchase a truck, but the lender failed to timely perfect its purchase money security interest. The debtors subsequently filed a Chapter 7 petition, and the trustee "caused [the lender] to consensually release its lien." Id. at 1179. The trustee did so without initiating litigation. Id. At issue in the case was whether the debtors were entitled to claim an exemption in the now-unencumbered truck or whether the exemption was prohibited by § 522(g). Id.

The court noted that in order to prevail on a § 522(g) objection to exemptions, there must be (1) a recovery by the trustee under his avoidance powers of (2) property voluntarily transferred by the debtor. Id. at 1181. There was no question the debtors voluntarily gave the lender a PMSI in the truck, which it failed to perfect. As to the question of whether the trustee had "recovered" the truck within the meaning of the statute, the court said, "the trustee's efforts to convince [the lender] to release its lien constitute a valid recovery. Indeed, a trustee need not initiate formal

---

[5] A trustee cannot use the threat of avoidance litigation to coerce a third party into turning over property in which the trustee has no avoidance rights. If the trustee does so, the property will not be property of the estate–either by way of § 541(a)(3) or (a)(7)–and the bankruptcy court will have no jurisdiction over it. Gallucci v. Grant (In re Gallucci), 931 F.2d 738, 743 (11th Cir. 1991).

adversary proceedings to recover property under § 522(g), so long as the trustee has taken some action resulting in the reconveyance of the property to the estate." Id. Because the trustee's actions were sufficient to meet the definition of "recovers," the debtor could not claim an exemption in the truck. Id.

The Ninth Circuit in Glass v. Hitt (In re Glass), 60 F.3d 565 (9th Cir. 1995), reached a similar conclusion after conducting a more detailed analysis. The debtor in Glass had transferred real property to his son for "love and affection" several weeks before filing a Chapter 11 petition, which was later converted to Chapter 7. He did not disclose the transfer in his schedules, nor did he claim an exemption. After learning of the transfer at the meeting of creditors, the trustee filed an objection to the debtor's claim of a homestead exemption.[6] The objection stated in part, "in the event that the debtor has since reconveyed this property, the trustee asserts that such reconveyance is an attempt to recapture the debtor's homestead exemption, which has been forfeited pursuant to 11 U.S.C. § 522(g) by the debtor's voluntary transfer of this property and his prior concealment of the property at the time he filed his petition[.]" Id. at 567. Within days after the trustee filed the objection, the debtor's son reconveyed the real property to the debtor, and the debtor amended his schedules to list the property and claim a homestead exemption in it. Id.

To decide whether the debtor was entitled to the exemption, the court considered the meaning of "recovers" in § 522(g). Id. at 568. The court was persuaded by the reasoning of the Bankruptcy Appellate Panel, which said, "'it is not apparent from the word "recovers" that a

---

[6] The trustee filed the objection even though, according to the facts as presented by the circuit court, the debtor had not yet claimed a homestead exemption. Id. at 567.

8

formal adversary proceeding against the transferee is needed for a court to deny a debtor's claim of exemption.'" Id. (quoting In re Glass, 164 B.R.759, 763 (BAP 9th Cir. 1994)).  One of the many ways trustees "induce a debtor or transferee to return property to the estate" is by merely threatening to use their avoidance power.  Id.  While the trustee must be authorized to recover the property through one of the Code sections listed in § 522(g), requiring the trustee to exercise those powers through actual litigation would be an over-technical reading of the statute that would ignore its purpose to prevent debtors from claiming exemptions in property that they voluntarily transfer in a way that subjects the transfer to the trustee's avoidance power.  Id. at 569.  The court found that because the debtor's son had reconveyed the property upon the threat of avoidance, that the trustee had recovered the property pursuant to his avoidance power for purposes of denying the debtor's exemption pursuant to § 522(g).  Id.

      The Court agrees with Glass and Kuhnel and finds the conclusions in those cases are supported by the plain language of the relevant statutes.  Section 541(a)(3) includes as property of the estate "property that the trustee recovers under section ... 550[.]"  Section 522(g)(1) bars exemptions in "property that the trustee recovers under section ... 550" following a voluntary transfer.  Section 550 provides: "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]" 11 U.S.C. § 550(a).  The specific avoidance power at issue in this case arises under § 548, for fraudulent transfers.  Read together, § 550(a) and § 548 authorize a trustee to avoid a transfer and to recover the property transferred.  However, nothing in the language of either section requires the trustee to initiate an adversary proceeding to do so.

9

While an adversary proceeding is the appropriate method for a trustee to enforce his rights when he meets resistance from the transferee, see Fed. R. Bankr. P. 7001, such a proceeding is unnecessary if the transferee concedes the trustee's superior claim on the property. Thus, a trustee can recover property based on his avoidance power for purposes of § 522(g)(1) without resort to litigation. When the trustee acquires such property, it enters the bankruptcy estate via § 541(a)(3).

## Conclusion

The Trustee in this case asserts the transfer of Debtor's half interest in the residence to Debtor's wife is subject to his avoidance power. Debtor may concede or resist that assertion. The reconveyance of the half interest back to Debtor is immaterial to the Trustee's rights. If Debtor opts to resist the Trustee's assertion of rights in the property, the Trustee can still file an adversary proceeding to seek a recovery against Debtor as a mediate transferee of the property. 11 U.S.C. § 550(a)(2). If the Trustee successfully avoids the transfer–whether through concession or litigation–Debtor will not be entitled to an exemption because of the limitations of 522(g)(1). If Debtor successfully defends against the Trustee's assertion of rights, he will not be entitled to an exemption in the residence because it will be property of Debtor rather than property of the estate. Consequently, Debtor has no basis to claim an exemption in the residence, and the Court will sustain the Trustee's objection.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT